## McAllister's Dairy Farms, Inc. v. Milk Control Commission

*Fruit & Francis* and *John Y. Scott*, for plaintiff.

*Wherry & Ketler* and *William F. Schutte*, for defendant.

RODGERS, P. J., February 3, 1955.—This matter comes before the court on the motion by the Pennsylvania Milk Control Commission to dismiss the appeal by the McAllister Dairy Farms, Inc., from an order of the commission. The petition alleges a lack of jurisdiction of this court to decide this matter.

Section 902 of the Milk Control Law states that any person aggrieved by a special order of the commission may file an appeal therefrom in the court of common pleas of the county in which he resides or has his principal place of business or *in the case of a nonresident who has no place of business within the Commonwealth, in the Court of Common Pleas of Dauphin County.*

It is clear, therefore, than an appeal to the Dauphin County court can only be had by a nonresident who has no place of business in Pennsylvania, and that a

resident or nonresident who has a place of business in Pennsylvania must appeal to the county in which he has his principal place of business within the Commonwealth.

A person with only one place of business in the Commonwealth would be bound to appeal to the court of common pleas of the county in which that place of business is located. Where a person has more than one place of business in Pennsylvania, it follows that one of them must be in a legal sense his principal place of business.

The Milk Control Commission in its findings of fact has found that this appellant has at least two places of business in Pennsylvania, but states that his principal place of business is in Ohio. This answer does not conform with the spirit of the Milk Control Law.

This court could under the circumstances again send this matter back to the commission to ask them to determine which of the two places of business in Pennsylvania was the principal place of business.

The court declines to do that, however, because this case has already been heard at least twice by the commission, and we feel that it is our responsibility to now take all of the facts and all of the evidence elicited at the hearing and reach our own decision on the question of jurisdiction. We may do this because in actual fact the question of what is the principal place of business is a least a mixed question of fact and law.

In this case McAllister Dairy Farms, Inc., is a foreign corporation with its domicile in another State and for that reason is a nonresident. It has at least two places of business in Pennsylvania and for this reason it cannot appeal to the Dauphin County courts. Having two places of business in Pennsylvania, where then in a legal sense is its principal place of business?

Since neither the commission nor the appellant saw fit to introduce testimony as to the volume of business conducted in the respective counties involved, the court must look to other elements involved in making its determination. What do these other elements consist of?

1. In its application for a certificate of authority to do business in the Commonwealth of Pennsylvania, petitioner designated Oakland and Silver Streets, Sharon, Mercer County, as its registered office in this Commonwealth.

2. Temple McAllister, petitioner-president, affirmatively testified on record that petitioner's principal place of business in the Commonwealth was located at Oakland and Silver Streets in the City of Sharon, Mercer County.

3. Petitioner's workmen's compensation coverage on its Pennsylvania employes was written in Sharon, Pa.

4. Neither place of business is considered a supervisory office, although some office space is available for such a purpose in the Sharon store. The Sharon store is more centrally located with reference to the other Pennsylvania stores and the home office in Warren, Ohio, than is the Meadville store.

We, therefore, hold that on the basis of the testimony in the record the principal place of business of the McAllister Dairy Farms, Inc., in Pennsylvania is at Sharon, Mercer County, Pa., and we, therefore, dismiss the motion of the Pennsylvaina Milk Control Commission to dismiss the appeal of McAllister Dairy Farms, Inc. Having thus accepted jurisdiction of this matter, we will consider the rule granted upon the Milk Control Commission to show cause why this appeal should not act as a supersedeas with respect to the commission's order against the appellant dated July 13, 1954.

The granting of a supersedeas in such a case is not a matter of right, but is left to the discretion of the court.

In granting a supersedeas the court would be in effect at least temporarily nullifying the action of the commission. This court would do that only if appellant were able to show real harm and, in addition, effort on its part to comply with that order pending its appeal here. This court does not believe that such an effort has been made by McAllister, and we, therefore, discharge the rule to show cause granted on the commission and thus deny the request for a supersedeas.

### Order

And now, February 3, 1955, the motion of the Pennsylvania Milk Control Commission to dismiss the appeal by the McAllister Dairy Farms, Inc., is dismissed and the rule on the Pennsylvania Milk Control Commission to show cause why this appeal should not act as a supersedeas is discharged.